JOURNAL ENTRY AND OPINION
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct. Prac. R. II, Section 2(A)(1). NAHRA, J.:
 {¶ 1} Defendant Luis Medina was convicted, after a jury trial, of the crime of burglary, in violation of R.C. 2911.12. Defendant filed this timely appeal, in which he raises five assignments of error. For the reasons set forth below, we affirm his conviction.
 {¶ 2} On October 17, 2005, Lakewood police officer Joseph Sidell responded to a call regarding Apartment 108 of the Harborview Apartments. Upon his arrival, Officer Sidell discovered that the door and its molding were splintered as if the apartment had been broken into. Officer Sidell entered the apartment and found defendant, who admitted that he did not have a key to the apartment. Defendant explained that he knew that the tenant was out of town. The tenant, Gail Henley, was defendant's ex-girlfriend. Defendant further admitted that he was responsible for the ransacked condition of the apartment and that he had been looking for evidence that Henley was seeing another man. Defendant further explained that he also wanted pictures of Henley. Upon his arrest, defendant was found to be in possession of three of Henley's photo identification cards.
 {¶ 3} In addition to Officer Sidell, the state called two additional witnesses at trial. Julie Rios, of Harborview Apartments, testified regarding her knowledge that Henley was the sole leaseholder for Apartment 108. Tony Luketic, a parole officer, testified only that he supervised convicted felons. Luketic's testimony was interrupted due its potentially prejudicial effect, and the state then withdrew Luketic as a witness and rested its case. The jury subsequently found defendant guilty of burglary.
 {¶ 4} In his first assignment of error, defendant asserts:
 I. THE TRIAL COURT ERRED WHEN IT DID NOT STRIKE THE DEFENDANT'S STATEMENT AS TESTIFIED TO BY POLICE OFFICER JOSEPH PAUL SIDELL.
 {¶ 5} Defendant argues that his statement to police was inadmissible at trial because the state failed to offer evidence establishing thecorpus delicti of the crime. The state avers that there was sufficient evidence, beyond defendant's confession, that tended to prove material elements of the charged crime.
 {¶ 6} "The corpus delicti of a crime consists of two elements: the act and the criminal agency of the act." State v. Van Hook (1988),39 Ohio St.3d 256, 261, citing State v. Maranda (1916), 94 Ohio St. 364. A criminal defendant's out-of-court confession is not admissible at trial unless the corpus delicti has been established by corroborating or extrinsic evidence beyond the statement itself. Van Hook, supra at 261. The Ohio Supreme Court has emphasized, however, that "[i]t is sufficient if there is some evidence outside of the confession that tends to prove some material element of the crime charged." Id., citations omitted; see, also, State v. Jeffries (Aug. 24, 2000), Cuyahoga App. No. 76905,2000 Ohio App. LEXIS 3834 at *11.
 {¶ 7} In the present case, a police officer arrived at the residence in question, saw a broken door, and found defendant inside what appeared to be a ransacked apartment. The condition of the broken door, the ransacked apartment, defendant's presence therein, and the fact that, upon his arrest, defendant was in possession of the tenant's identification cards all served to corroborate defendant's inculpatory statement to police at the time of his arrest. Accordingly, the prosecution clearly met the threshold requirement of Maranda by introducing evidence, sufficiently independent of defendant's statement, that a burglary had been committed. Defendant's statement to police was thus properly admitted at trial, and his first assignment of error is overruled.
 {¶ 8} Defendant's second assignment of error states:
 II. THE TRIAL COURT ERRED WHEN IT DID NOT STRIKE THE ENTIRE TESTIMONY OF JULIE RIOS FROM EVIDENCE AT TRIAL.
 {¶ 9} Defendant argues that the testimony of Julie Rios, the property manager of the apartment building in question, was so tainted by hearsay that it should have been stricken in its entirety. We disagree.
 {¶ 10} Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C). Because the admission of hearsay testimony, unless it falls within a firmly rooted exception, violates the Confrontation Clause of the United States Constitution, it is an error with constitutional ramifications.White v. Illinois (1992), 502 U.S. 346, 356. In order to find constitutional error harmless, this court must find beyond a reasonable doubt that the error did not contribute to the verdict. Chapman v.California (1967), 386 U.S. 18, 24.
 {¶ 11} In the present case, Julie Rios testified as to her knowledge, as the property manager for the Harborview Apartments in Lakewood, that Gail Henley was the sole leaseholder for the apartment that defendant was charged with burglarizing. She explained that Henley had never added anyone else's name to the lease, and that Henley was the only person with permission to reside in the apartment.
 {¶ 12} Rios then testified about the events on the day in question: namely that she and the maintenance person for Harborview Apartments went to Ms. Henley's apartment, saw that the door was broken, found the apartment ransacked and defendant standing inside, and then proceeded to call the police. Rios intermittently attempted to testify as to whether Henley had informed her that she was going to be away and as to the reason that Henley eventually terminated her lease. However, as defendant concedes, the trial court promptly admonished the witness and instructed her to testify only as to her firsthand knowledge, not as to what others may have told her. The court also instructed the jury to disregard the limited testimony.
 {¶ 13} Thus, any potential prejudice to defendant that resulted from the jury's limited exposure to the hearsay statements about which Rios attempted to testify was minimized by the trial court's curative instructions. Moreover, any prejudicial effect from such testimony was far outweighed by the overwhelming evidence of defendant's guilt: to wit, the fact that he was caught red-handed by police in the ransacked apartment; his own confession; and the discovery of the victim's identification cards in his possession when he was arrested. Accordingly, defendant's second assignment of error is overruled.
 {¶ 14} Because defendant's third and fourth assignments of error both relate to the testimony of parole officer Tony Luketic, we address them jointly:
 III. THE TRIAL COURT ERRED WHEN IT DID NOT STRIKE THE ENTIRE TESTIMONY OF TONY LUKETIC FROM EVIDENCE AT TRIAL.
 IV. THE TRIAL COURT ERRED WHEN IT WITHDREW ITS ORDER TO DISMISS THE CASE UPON THE MOTION OF THE DEFENSE FOR MISTRIAL.
 {¶ 15} Defendant argues that the trial court should have stricken the limited testimony of a parole officer who testified that he supervised convicted felons, and that the court further erred when it denied defense counsel's motion for a mistrial based upon the admission of such testimony. We disagree.
 {¶ 16} "[T]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, 180. Accordingly, when an error in the admission of evidence is alleged, this court will not interfere unless it is clear that a trial court has abused its discretion. State v. Frazier, Cuyahoga App. No. 85588, 2005-Ohio-4015, ^[23.
 {¶ 17} In the present case, the state offered the testimony of parole officer Tony Luketic. After having Luketic state and spell his name, the state elicited the following testimony:
 PROSECUTOR: And can you tell me what your occupation is?
 LUKETIC: I'm a parole officer.
 PROSECUTOR: And what do you do in your normal course of business?
 LUKETIC: I supervise individuals who have been convicted of felony crimes.
(Tr. 165.)
 {¶ 18} Defendant's trial counsel promptly objected to Luketic's testimony, and the trial court sustained the objection. At a sidebar, defense counsel moved for a mistrial. The trial court, concerned that the jury would infer that defendant was an ex-felon, initially granted the mistrial motion. The state asserted that it would not ask any further questions of the witness and was prepared to simply rest its case. The trial court reviewed Luketic's limited testimony and determined that, in light of the fact that Luketic would not be testifying further, the prejudice to defendant would be minimal. The trial court thus denied the mistrial motion. Thereafter, defense counsel did not request a curative instruction regarding Luketic's statement that he supervised felons nor did he request that the testimony be stricken.
 {¶ 19} The record reveals that the trial court thoughtfully and properly exercised its discretion when it denied the mistrial motion. We see no impropriety in the court's ultimate decision, after hearing the prosecutor's arguments and upon a careful review of the testimony in question, to allow the trial to proceed. Moreover, given the overwhelming evidence of defendant's guilt, we find no plain error in the trial court's failure to sua sponte strike the witness's testimony. Indeed, any curative instruction or announcement to the jury that the testimony was to be stricken would have only served to further highlight the potentially prejudicial statement of the witness. Defendant's third and fourth assignments of error are thus overruled.
 {¶ 20} Finally, in his fifth assignment of error, defendant argues that the cumulative effect of the errors deprived him of his right to a fair trial. Given our resolution of the foregoing assignments of error, defendant's fifth assignment of error is without merit. For all the aforementioned reasons, we affirm defendant's conviction.
Judgment accordingly.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and PATRICIA A. BLACKMON, J., CONCUR
JOSEPH J. NAHRA, JUDGE*.
* (SITTING BY ASSIGNMENT, JOSEPH J. NAHRA, RETIRED OF THE EIGHTH DISTRICT COURT OF APPEALS.)